(No. 4269-)

GUY E. RIGDON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1950.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Guy E. Rigdon, seeks to recover from respondent under the Workmen's Compensation Act for injuries sustained by him in an accident arising out of and in the course of his employment as an Institutional

Worker at the Chicago State Hospital operated by the Department of Public Welfare.

On August 12, 1949, claimant was in charge of an outside detail of mental patients, one of whom became unruly, attacked claimant, and kicked him in his right knee immediately below the knee cap.

Claimant was treated by physicians on the staff at Chicago State Hospital, but it is now agreed by the medical witnesses, who testified in the case, that claimant has suffered some permanent loss of use of his right leg.

Claimant testified at the hearing that there was a stiffness in his right knee accompanied by constant pain just below the knee cap, and that he could not extend his leg completely.

Claimant's doctor found crepitation and pain on manipulation, the pain being located over the head of the tibia. Claimant's right leg was held in a somewhat flexed deformity with a limitation of extension of about 25 degrees. Claimant's doctor diagnosed claimant's injury as a damaged internal semilunar cartilage in his right knee.

Respondent's doctor, who testified, found the same symptoms as found by claimant's doctor, and, in addition, found a small swelling on the outer surface of the right knee.

A fairly complete demonstration of the use of claimant's right leg was made before Commissioner Summers, and in his report he states:

"It is the Commissioner's opinion from hearing the medical testimony in this case and examining claimant's right leg, with special reference to flexion of his right knee, that the claimant has a 25 per cent permanent loss of use of right leg. For this disability he should receive $22.50 per week for 47½ weeks, or a total of $1,068.75 under Section 8 (e) (15) (17) (m) of the Workmen's Compensation Act."

We agree with the recommendation of Commissioner Summers, and an award will be entered in accordance with his recommendation.

On the date of his accident, claimant was 49 years of age, married, but had no children under 18 years of age dependent upon him for support.

In the year prior to his accident claimant had been employed by respondent at both the Illinois State Penitentiary, Menard, Illinois, and the Chicago State Hospital, and his earnings in the year prior to his accident amounted to approximately $2,300.00. His rate of compensation is, therefore, $22.50 per week.

Claimant lost no time from his work, for which he is entitled to be compensated for temporary total disability. All medical treatment has been furnished by respondent.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, was employed to take and transcribe the testimony before Commissioner Summers. Charges in the amount of $37.60 were incurred, which charges are fair, customary and reasonable. An award is, therefore, entered in favor of William J. Cleary & Co. for $37.60.

An award is entered in favor of claimant, Guy E. Rigdon, under Section 8 (e) (15) (17) (m) of the Workmen's Compensation Act for a 25 per cent loss of use of his right leg for which he is entitled to 47½ weeks compensation at the rate of $22.50 per week, or the sum of $1,068.75, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chap. 127, Sec. 180.